UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**MAY 1 2 2008**
**RECEIVED**

MAY 1 2 2008  MB

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MELVIN CENTENO

PLAINTIFF,

-VS-

08CV 2756
JUDGE ZAGEL
MAGISTRATE JUDGE BROWN

WEXFORD HEALTH SOURCES, INC., Health
Care Provider for Stateville
Correctional Center;

PARTHA GHOSH, M.D., Medical Director
of Stateville Correctional Center in
his Official and Individual capacity
and as Employee or Agent of WEXFORD
HEALTH SOURCES, INC.;

C.A. VANCE, MEDICAL ADMINISTRATOR OF
Stateville Correctional Center in her
Official and Individual capacity and
as Employee or Agent of WEXFORD HEALTH
SOURCES, INC.;

JOHN DOE (Mike), Medical Technician
of Stateville Correctional Center in
his Official and Individual capacity
and as Employee or Agent of WEXFORD
HEALTH SOURCES, INC.;

VENITA WRIGHT, Assistant Warden of
Operations (now Major) of Stateville
Correctional Center in her Official
and Individual capacity;

                    DEFENDANTS.




            COMPLAINT UNDER THE CIVIL RIGHTS ACT,
              TITLE 42 SECTION 1983 U.S. CODE.

(1) <u>PLAINTIFF:</u>

       Melvin Centeno
       Register #K72719
       Stateville Correctional Center
       P.O. Box 112
       Joliet, Illinois 60434


(2) <u>DEFENDANTS:</u>

     1- Wexford Health Sources, Inc.
       Foster Plaza 2
       425 Holiday Dr.
       Pittsburgh, PA. 15220

     2- Partha Ghosh, M.D., Medical Director
       Stateville Correctional Center
       P.O. Box 112
       Joliet, Illinois 60434

     3- C.A. Vance, Medical Administrator
       Stateville Correctional Center
       P.O. Box 112
       Joliet, Illinois 60434

     4- John Doe (Mike), Medical Technician
       Stateville Correctional Center
       P.O. Box 112
       Joliet, Illinois 60434

     5- Venita Wright, Assistant Warden of Operations
       (now Major)
       Stateville Correctional Center
       P.O. Box 112
       Joliet, Illinois 60434

(3) <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES:</u>

    A- The grievance procedure has been exhausted in this
       case.

    B- Filed numerous grievances. Some were answered, and many
       have not. Dr. Ghosh continually has deceived all
       entities as far as telling them that matter has been
       resolved.

    C- Nothing but lies and neglect concerning Plaintiff's
       acute knee injury.

    D- Appealed grievance procedure to the A.D.R. board about
       neglect of adequate medical care at Stateville C.C.,
       and about grievances not being answered at all, and
       their response was that Medical Personnel had told them
       that matter had been resolved.

(4) <u>LIST OF ALL LAWSUITS FILED:</u>

    A- Centeno v. McAuley, et al., Court #04 C 1442.

    B- Approximate date of filing, Feb. 24, 2004.

    C- Plaintiff was the only person on litigation.

    D- Defendants were; James McAuley, Sergio Rodriquez,
       past and present Medical Directors of Cermak Health
       Services, and Michael Sheahan, past Sheriff of Cook
       County, Illinois.

    E- Litigation was filed in the United States District
       Court, Northern District of Illinois, Eastern Division.

F- Case was assigned to the Honorable Judge Zagel.

G- Basic claim made: Deliberate Indifference and Depriva-
   tion Adequate Medical Care, 8th Amendment Violation.

H- Disposition of the case was settled with defendants.

I- Approximate date of disposition was between July &
   August of 2007.

(5) <u>STATEMENT OF CLAIM:</u>

   This is a Civil Rights case arising from the defendants
crippling entrapment of Plaintiff, by deliberately denying,
urgently necessary surgery. Orthopedic Specialists (Surgeons), in
the excess of eight, from the University of Illinois at Chicago,
and John Stroger Hospitals, have informed the defendants through
their Orthopedic Notes and Assessments (medical records) that the
Plaintiff needs an Osteonomy and Multiligamentous surgeries in
order to repair an acute injury to Plaintiffs left knee.
Plaintiffs knee is deplorable and is journeying to irreperable
harm because of the neglect of adequate medical care and the
deliberate indifference at the hands of WEXFORD HEALTH SOURCES,
INC., PARTHA GHOSH, C.A. VANCE, JOHN DOE (MIKE), AND VENITA
WRIGHT.

   Since 2006, Plaintiff has seen Orthopedic Specialist's at U of
I at Chicago; 3/30/06, 2/27/07, 3/29/07, 3/6/08, and in each
consultation, it has been clearly documented that Plaintiff needs
Reconstructive Knee Surgery. Once back at Stateville C.C.,
medical director blatantly disregards course of treatment from
Orthopedic Specialist's (Surgeon's). Even a simple DONJOY
ANTERIOR CRUCIATE LIGAMENT / POSTERIOR CRUCIATE LIGAMENT BRACE
WITH A POSTERIOR CRUCIATE LIGAMENT STRAP, that was prescribed on
3/30/06, to stabalize movement, has been deliberately denied.

-4-

All this deliberate indifference and deprivation of adequate medical care, and submitting Plaintiff to cruel and unusual punishment, is derived from an adopted Cost-Cutting Policy from WEXFORD HEALTH SOURCES, INC., ADMINISTRATOR VANCE, AND MEDICAL DIRECTOR GHOSH. Because of neglect to Plaintiffs basic medical care, the instability to his knee has exasperated to the point of irreperable harm. Even basic pain management as pain medication has ceased to be afforded to Plaintiff. Plaintiff is being deliberately denied any meaningful medical care because Plaintiff has submitted grievances and letters trying to have a basic Constitutional Right addressed. Defendant, Partha Ghosh, has said that 'he would not see Plaintiff and that he would whenever he desired. To stop bugging him.' Yet, Plaintiff continues to suffer because of his deliberate indifference.

Plaintiff has contacted, through mail, WEXFORD HEALTH SOURCES, INC., in regards to denying Plaintiffs surgery, and family of Plaintiff have called their offices and all we have got is complete silence. Through the Contract of Services between WEXFORD and MEDICAL DIRECTOR, it is clear that WEXFORD is notified and has been notified of Plaintiffs condition, yet, they choose to intentionally delay in providing medical treatment, afforded through their contract with IDOC. Contract specifically says that Vendor shall ensure that a treatment plan is developed for each inmate who requires on-going care. And Vendor shall arrange for the provision of medical services to IDOC inmates on site and off site as medically indicated. Medical services are to be provided in accordance with medically accepted community standards of care. This is a clear signature of disregard for human well-being, and this deliberate indifference must be afforded due process.

Plaintiff has notified each defendant numerous times, but to no avail. These defendants have prevented Plaintiff from receiving recommended treatment, and have denied Plaintiff access to medical personnel capable of curbing his acuteness. Plaintiff can attest that this insipid and insidious and inhumane condition

is a long practice in this Institution and it's Health Care
providers. Each defendant has played a role in denying or
refusing access to Plaintiff to meaningful and necessary medical
care, that has been documented clearly in medical records by
Orthopedic Specialist's.

It is clear that prisoners are guaranteed the right to be free
from deliberate indifference to serious physical needs. It is
clear that a prolonged delay since recommendation for surgery
suggests that prison officials have exibited deliberate
indifference to Plaintiffs medical needs.

The conduct of WEXFORD HEALTH SOURCES, INC., MEDICAL DIRECTOR
PARTHA GHOSH, MEDICAL ADMINISTRATOR C.A. VANCE, MED. TECH. JOHN
DOE (MIKE), and MAJOR VENITA WRIGHT is intentional and criminally
reckless. Partha Ghosh is not allowing Plaintiff to be treated at
all, and denying recommendations by Plaintiffs current doctor at
the University of Illinois at Chicago Medical Center, to have
Reconstructive Knee Surgery. These Bureaucratic obstacles of
adopted cost-cutting policies by Wexford Health Sources, Inc.,
C.A. Vance, and Partha Ghosh have put Plaintiff in a miniature
hell.

MED. TECH. JOHN DOE (MIKE), who is in charge of medical at
unit in which Plaintiff is housed, has neglected to process any
request to see doctors outside unit, and even has told Plaintiff
that he is god and can do whatever he wants. Plaintiff has been
told by staff and other witnesses that Med. Tech. has said that
the Health Care Administrators are not going to spend any money
on me to receie this expensive surgery, so I better stop submit-
ting requests.

Plaintiff has written VENITA WRIGHT, when she was Assistant
Warden of Operations (now Major), numerous times asking that she
investigate and help Plaintiff receive adequate medical care,
yet, she also has followed the path of deliberate indifference to
my medical needs.

-6-

PARTHA GHOSH, with deliberate indifference has underestimated
the severity of the injury and is insufficiently interested in
Plaintiffs health and safety, to even take minimum steps to guard
against additional injury.

Defendant's, C.A. VANCE, PARTHA GHOSH, have not and will not
render any treatment whatsoever to Plaintiff. WEXFORD HEALTH
SOURCES, INC., C.A. VANCE, PARTHA GHOSH, and JOHN DOE (MIKE),
despite repeated requests from Plaintiff for adequate medical
care, have intentionally, consciously, and with deliberate
indifference, refuse to examine and administer any medical treat-
ment, despite knowing of the injury, and dismissing Orthopedic
Specialist's at U of I at Chicago, recommendations for surgery.

Defendant's WEXFORD, GHOSH, VANCE, JOHN DOE, WRIGHT, with
knowledge of Plaintiffs serious medical needs and/or with
deliberate indifference to such medical needs, acted of failed to
act in such a way so as to deprive Plaintiff of necessary and
adequate medical care. Such acts of omissions by the defendants
violated rights secured to Plaintiff by the Eighth and Fourteenth
Amendments of the United States Constitution.

Defendants with knowledge of Plaintiffs serious medical needs
and/or with deliberate indifference to such medical needs, acted
or failed to act in such a manner so as to prevent Plaintiff from
obtaining needed medical treatment and care. Such acts and
omissions by the defendants violated rights secured to Plaintiff
by the Eighth and Fourth Amendments of the United States Consti-
tution.

As a direct result of the above-described unlawful and
malicious acts of the defendants, Plaintiff suffered and
continues to suffer great physical injury, permanent, irreparable
injury, and extreme pain in violation of the Eighth Amendment to
the United States Constitution and the Fourteenth Amendment to

the United States Constitution, and 42 U.S.C. se. 1983.


## JURY DEMAND

The Plaintiff demands a trial by jury on all issues raised in the pleadings.


## RELIEF


WHERFORE, the Plaintiff, Melvin Centeno, prays for an award damages sufficient to compensate him for the pain he has suffered and the exacerbation of the injury to his left knee and to punish defendants for their wilful indifference to his Constitutional Rights, and award his costs for the prosecution of this suit.


By signing this complaint, I certify that the facts stated in this complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.


SIGNED THIS 5TH DAY OF DECEMBER OF 2008.


-8-

Melvin Centeno
Register # K72719
P.O. Box 112
Joliet, Illinois 60434

EXHIBITS

PART OF MEDICAL CONTRACT
FOR SERVICES

GRIEVANCES

PART 1 - TO MEDICAL RECORDS
PART 2 - RETURN TO REPORTING CLINIC/PHYSICIAN AFTER CONSULT
PART 3 - RETAINED BY CONSULTANT
PART 4 - TO PATIENT WHEN SENDING FOR CONSULT

Exhibit



**University of Illinois** Medical Center
at Chicago

## REQUEST FOR CONSULTATION

77193233-0383                02/27/07
CENTENO, MELVIN      MC 02/05/1963
STATE, CORRECTIONS
OTHER GOV'T AGENCY

FROM THE DEPT. OF _Ortho_                TO THE DEPT. OF _Sports - Hutchinson_

DATE REQUESTED _2/27/07_   EMERGENCY ☐   TODAY ☐   WITHIN _next available_ DAYS

DIAGNOSIS AND REASON FOR CONSULTATION.

_Acl / PCC tear_
_to eval for reconstruction_

NEW CONSULT ☒   FOLLOW UP CONSULT ☐   FOR TRANSFER OF CARE REFERRING ☐

INTERN _____ M.D.   RESIDENT _____ M.D.   ATTENDING PHYSICIAN _____ M.D.

REFERRING CLINIC _____   DATE _____   TIME _____

## CONSULTANT'S REPORT

DATE ANSWERED:

(BE SURE TO SIGN ALL YOUR NOTATIONS)

_____ M.D.                    _____ M.D.
CONSULTANT'S SIGNATURE               ATTENDING'S SIGNATURE

UIC #: 11193133

DAVISON
JT 01/08/88
7105 - Forms #

Exhibit

2-5-65

STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS

M/Hsp

Facility  Stateville
       Correctional Center

## REQUEST FOR CONSULTATION — REPORT OF CONSULTATION

Inmate's Name __Centeno Melvin__  Inmate's Number __K72719__

u/c  For. Surgery - Orthopedics  appt. 2-27-07

Consult Requested By: __P Ghosh__  Date: __1/31/7__  ( ) YES  ( ) No  URGENT

Reason for Consult: (List Problem)   (L) knee ACL + PCL tear
                                      reheards for surgery,
( ) Evaluation                        Post op PT will be available,
( ) Management                        on site                         P62

                          Report of Consultant (Use Reverse Side if Necessary)

FINDINGS:  (L) knee  ACL / PCL  tear

ASSESSMENT:  as above

RECOMMENDATIONS/PLANS:  f/u c Dr. Hutchson for
multi-ligament reconstruction surgery
if post-op PT available.

Date: __2/27/07__  _____ M.D.
                        (Signature of Consultant)

FOR CORRECTIONAL CENTER MEDICAL DIRECTOR ONLY:

☐  I have reviewed the recommendations contained in this report and approve them.

☐  I have reviewed the recommendations and disapprove or choose to revise them for the following reason.

Date: _____  _____
                           (Signature of Medical Director)

DAVISON
JT 01/06/89
7105 - Forms #

77193233
Exhibit

STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS

2-5-63

Facility  Stateville
Correctional Center

## REQUEST FOR CONSULTATION — REPORT OF CONSULTATION

Inmate's Name _Centeno, Melvin_____ Inmate's Number _K72719_

_UIC - Sports Medicine_                          appt 3-29-07

Consult Requested By: _P6 WDEM_    Date: _3/26/7_    URGENT ( ) YES ( ) No

Reason for Consult: (List Problem)
Chronic PCL PSL injury L
knee
schedule for surgery
PT to be provided on file  P6L

( ) Evaluation
( ) Management

Report of Consultant (Use Reverse Side If Necessary)

FINDINGS: AS ABVE c GRADE II PCL
GOOD ACL stbly, C/o hyperextein / Ant

ASSESSMENT: Degenerate joint disease
GII PCL

RECOMMENDATIONS/PLANS: ① Recheck RADIOGRAPHs to Asses
progressive DDD
② OFF THE SHELF Don-Joy DEF/ME
ACL / PCL BRACE

Date: _29MAR07_                    _____ M.D.
                                    (Signature of Consultant)

FOR CORRECTIONAL CENTER MEDICAL DIRECTOR ONLY:

☐ I have reviewed the recommendations contained in this report and approve them.

☐ I have reviewed the recommendations and disapprove or choose to revise them for the following reason.

Date: _____    _____
                          (Signature of Medical Director)

Exhibit

ILLINOIS DEPARTMENT OF CORRECTIONS
## Medical Special Services Referral and Report

_____Hoviville C/C_____
(Facility)

Offender's Name _Cortene Melvin_    ID# _K 72719_

Reason for Referral:  ☐ Consult      ☐ Non-Formulary Medications   ☐ Medical Equipment
                      ☐ Evaluation   ☐ Management
                      ☐ Procedure/service (specify) _____
                      ☐ Other (specify) _____ 3-6-08

Urgent: ☐ Yes   ☐ No

Referred to: _____UIC_____ orthopedic Dr. Hutchinson

Rationale for Referral: ___②___ knee medial collateral /Pcl
_____ for monitoring requirement assistance,
_____ injury

_____Bob?JW?____          _____RCL_____          _1/2/8_
Print Referring Practitioner's Name   Referring Practitioner's Signature   Date

### Report of Referral (Use Reverse Side, if necessary)

Findings: ___② knee instability c ADL's___

Assessment: ___Pcl insufficiency  LCL insufficiency___

Recommendations/Plans: ___Acl / Pcl deranged / brace - aggressive Rehab ① knee___
_____ Standing AP/lat knees B/L ____
_____ MRI ① knee ____
_____ f/u after ① knee MRI ____
_____ will assess surgical options after MRI ____

_Feb> Hutchinson_          _____          _05/06/08_
Print Practitioner's Name   Practitioner's Signature   Date

Facility Medical Director Use Only
I have reviewed the recommendations and:

☐ Approve.

☐ Deny or revise as indicated on the Notification of Medical Service Referral Denial or Revision,
   DOC 0255.

_____   _____   _____
Print Facility Medical Director's Name   Facility Medical Director's Signature   Date

2.3   **MEDICAL CARE:**

**2.3.1   General.** Vendor shall arrange for the provision of medical services to IDOC inmates on-site and off-site as medically indicated, including, but not limited to direct care, dental, medical, hospital, mental health, pharmacy, laboratory, radiology, optical and specialty services. Vendor shall ensure that all medical services are provided in accordance with medically accepted community standards of care, and that complete and accurate medical records are kept for all inmates.

**2.3.2   Treatment Plans.** Vendor shall ensure that a treatment plan is developed for each inmate who requires on-going care. The treatment plan shall include a written statement, which specifies the particular course of therapy and the roles of medical and non-medical personnel in carrying out the course of therapy. The plan shall be individualized and based on an assessment of the inmate's needs, the short and long term goals, and the methods by which the goals shall be pursued. When clinically indicated, the treatment plan may provide the inmate with access to a range of supportive and rehabilitative services (e.g., individual or group counseling, or self-help groups).

**2.3.3   Special Medical Programs.** The On-site Medical Director shall develop and implement, subject to the approval of the IDOC Medical Director, special medical programs for inmates who require close medical supervision, including chronic and convalescent care. The plan of treatment shall include directions for health care staff and Center staff regarding their roles in the care and supervision of the inmate. The special medical program shall service a broad range of health problems including, but not limited to, seizure disorders, diabetes, hypertension, HIV, potential suicide, chemical dependency and psychosis, such that:

**2.3.3.1** All inmates at the Center who have high blood pressure have a blood pressure recorded at their last visit as within normal limits, or, for those whose pressures are not normal, there is a clear plan to achieve a normal blood pressure.

**2.3.3.2** All diabetic inmates at the Center have a hemoglobin A1c level within the accepted range, or a clear plan to achieve a level within the accepted range.

**2.3.3.3** All inmates at the Center who have AIDS and who are eligible for PCP prophylaxis receive it.

**2.3.3.4** All asthmatic inmates at the Center have their disease labeled on the problem list as mild, moderate, or severe.

**2.3.3.5** All seizure-prone inmates at the Center have documentation of seizure activity since their last clinic visit.

**2.3.4   Infirmary Care and Referrals.**

**2.3.4.1** Infirmary care shall be available for inmates requiring skilled nursing care, chronic illness care, convalescent care, and those acute and chronic conditions that can be managed on-site. All infirmary encounters shall be documented in the inmate's medical record in a timely manner. Vendor shall provide the following when applicable:
a.   24-hour coverage, supervised on-site by a Registered Nurse;
b.   Daily infirmary rounds by nursing staff;
c.   24-hour Physician on-call coverage;
d.   Manuals of nursing care procedures;
e.   A separate and complete medical record for each patient;
f.   Infirmary rounds by a physician at least 3 times per week for acute care patients and at least once per week for chronic care patients.

**2.3.4.2** If, in the opinion of the On-site Medical Director, an inmate cannot be properly treated in the immediate area, the On-site Medical Director shall refer the inmate to a community medical facility that can provide the necessary treatment. This facility shall be approved by HFS and IDOC. Medical furloughs shall be scheduled with security prior to services being performed.

2.3.4.3  Vendor shall ensure that an inmate who is referred off-site for either a specialty clinic visit or emergency care is seen by an on-site physician within five business days after the return of the inmate to the Center.

### 2.3.5  Hospitalization.

2.3.5.1  An inmate who requires care beyond the capability of the infirmary shall be hospitalized at a licensed community facility. With the exception of emergency situations, a recommendation for hospitalization shall require review and approval by the On-site Medical Director. Routine admissions from a Center shall be made to a facility approved by HFS and IDOC. The On-site Medical Director shall review hospital admissions that arise from emergency situations within forty-eight (48) hours after admission.

### 2.3.5.2  University of Illinois d/b/a University of Illinois Medical Center.

a.  Vendor may refer inmates at specified Centers to the University of Illinois Medical Center for medically necessary services that require care outside the Center, without prior approval by the IDOC Medical Director. The specified Centers are: the Stateville Correctional Center, Pontiac Correctional Center, Dwight Correctional Center, Dixon Correctional Center and Sheridan Correctional Center. Referrals to the University of Illinois Medical Center from the specified Centers shall not exceed 18 inpatient stays and 180 outpatient visits per month. All referrals to the University of Illinois Medical Center from Centers other than those specified shall require the prior approval of the IDOC Medical Director.

b.  Vendor may be subject to compensation adjustments under Section 3 if over-utilization of the University of Illinois Medical Center inpatient and outpatient hospitalization services occurs, as determined by the IDOC Medical Director, and may also be held financially responsible for the costs of IDOC security staff salaries and travel expenses directly related to the inmate transport necessitated by the U of I cases classified as "over-utilization" at the discretion of the State. The Vendor may also be financially responsible for the costs of IDOC security staff salaries and travel expenses directly related to referrals from centers other than those listed above. If the Vendor receives prior approval from the IDOC Medical Director to utilize the University of Illinois Medical Center for inpatient and outpatient services from the Centers other than those specified above, the Vendor will not be held financially responsible for the costs of IDOC security staff salaries and travel expenses directly related to the inmate transfer for these services.

2.3.5.3  Vendor shall review the health care status of inmates admitted to hospitals to ensure that the duration of the hospitalization is neither longer nor shorter than medically indicated.

2.3.5.4  Vendor shall not be responsible for the cost of meals at the hospital for correctional officers who are providing security for hospitalized inmates.

2.3.5.5  If an inmate requires hospitalization or other specialty care in follow-up to a previous surgery or procedure, Vendor shall refer the inmate to the provider or facility that originally provided the services, when possible. With the exception of routine transportation and security costs, Vendor shall be responsible for all associated costs of specialty care.

2.3.5.6  Vendor shall meet as required with representatives from hospital and other providers to coordinate the referral of inmates. Policies and Procedures shall be developed regarding referral methods, scheduling, transportation, reporting of test results, medical records, acute care hospitalization and patient follow-up, subject to approval by HFS and IDOC. Vendor shall inform the CAO of such meetings and the CAO may attend.

2.3.5.7  Vendor shall not be responsible for the security of an inmate being treated on an inpatient or outpatient basis at a hospital. IDOC security procedures and IDOC requirements relating to subdivision of male, female, adult and juvenile inmates shall be provided to Vendor.

    b. Observation of the inmate's state of consciousness, mental status, appearance, conduct, bodily deformities and ease of movement, and signs of trauma, bruises, lesions, jaundice, rashes and infestations, needle marks or other indications of drug abuse.

    c. Classification in one of the following disposition categories:

      i. Immediate emergency treatment needed;

      ii. Assignment to infirmary; or

      iii. Assignment to the general population.

**2.3.20.3** Vendor shall explain to each incoming inmate the procedures for receiving health and dental services as outlined in the Center's inmate handbook.

**2.3.21 Consultations.** Vendor's corporate office shall have five business days to respond to a consultation request made by the On-site Medical Director, whether such request is for an inpatient or outpatient procedure. The response may be oral with a follow-up in writing, but the written response must be provided to the On-site Medical Director within five business days after the submission of the request. If Vendor's corporate office wishes to deny the consultation request, Vendor corporate office must submit a written alternative plan to the On-site Medical Director with a copy to the IDOC Medical Director. The On-site Medical Director may appeal the denial to Vendor's corporate office. If Vendor's corporate office rescinds the denial, the consultation services will be provided. If Vendor's corporate office affirms the denial, Vendor will notify the On-site Medical Director in writing with a copy to the IDOC Medical Director. The On-Site Medical Director may appeal to the IDOC Medical Director, who shall make the final determination whether to proceed with the consultation. If Vendor does not respond to a consultation request within five business days, the IDOC Medical Director may proceed with the consultation.

**2.3.22 Transferred Inmates.** Treatment, care or procedures including, but not limited to, surgery, prosthetics, and dental prosthetics, that are initiated at a Center shall be completed prior to clearance of the inmate for transfer to another Center, with the exception of administrative disciplinary or mental health transfers. If an inmate is transferred prior to completion of pending treatment, disputes over financial responsibility for services shall be resolved by the IDOC Medical Director on a case-by-case basis.

## 2.4 PERSONNEL:

**2.4.1 General.** Vendor shall recruit and interview only candidates who have provided documentation of past health care experience and letters of recommendation and/or positive references. Vendor shall interview each candidate with special focus on technical expertise, emotional stability and motivation. The final selection of all employees and subcontractors shall be subject to approval by IDOC, and by HFS if HFS deems it necessary. Vendor shall engage Illinois licensed and qualified personnel to provide professional coverage for the Centers according to the schedule of specifications and job descriptions. Documentation of licensing and accreditation for all hospitals, clinics and providers utilized must be made available to the Center and to HFS upon request. Vendor shall ensure that all staff members comply with the Contract specifications, and that the employees and subcontractors who provide services under this Contract are skilled in the profession for which they will be used. In the event that HFS or IDOC determines that any individual performing services for Vendor hereunder is not providing such skilled services, HFS and IDOC shall promptly so notify Vendor, and Vendor shall replace that individual. All screened candidates shall make an on-site visit to the Center prior to beginning employment. All personnel shall meet the minimum requirements established by CMS for comparable positions. Vendor shall provide pager service to its physicians, so that they may be contacted while off-site.

**2.4.1.1 Background Checks.** All Vendor personnel shall be required to pass a background investigation conducted by IDOC as a requisite for initial and continued employment. ALL APPLICANTS FOR A POSITION COVERED UNDER A CONTRACT SHALL BE REQUIRED TO PROVIDE A URINE SAMPLE AS PART OF THE BACKGROUND INVESTIGATION. IN ADDITION, ALL CONTRACTUAL PERSONNEL WHO PERFORM

conferences. If attendance at these functions is requested by IDOC, the Vendor shall be reimbursed accordingly.

**2.4.1.10 Termination of Employment.** Vendor shall notify and consult with the CAO and IDOC Medical Director as soon as possible prior to discharging, removing or failing to renew the contracts of professional staff and subcontractors, including, but not limited to, laboratory, EKG, pharmacy, dental laboratory and hospitals.

**2.4.1.11 Job Descriptions.**

    **a.** Vendor shall give each member of the health care staff a written job description, approved by the HCUA or IDOC Medical Director, which clearly delineates the staff member's assigned responsibilities. Vendor and IDOC shall monitor performance of health care staff to ensure adequate job performance in accordance with the job descriptions and other provisions of this Contract. HFS will have input into determination of the assigned responsibilities and monitoring of performance.

    **b.** Only IDOC functions shall be delegated to Vendor's employees or independent contractors as delineated in the job descriptions approved by IDOC and HFS. Corporate functions and tasks of Vendor, such as submission of payroll documents and timekeeping, personnel functions, billing tasks, shall not be considered corporate functions and may not be performed at IDOC expense or during IDOC business hours.

    **c.** All positions identified in this Contract have direct and sole responsibility to perform direct service to the IDOC and each position, including clerical, is essential to the operation of the health care unit and the provision of health services to inmates.

**2.4.2 Key Personnel.** The IDOC Medical Director shall be involved in the interviewing process for the On-site Medical Director, and for the Director of Nursing, if that is a contract position.

**2.4.2.1 On-site Medical Director.** The On-site Medical Director at the Center shall serve as the medical authority and shall coordinate with the HCUA in the execution of the duties under this Contract. The On-site Medical Director shall operate the health care program in accordance with State Regulations, and with performance-based audit standards of the American Medical Association (AMA), American Correctional Association (ACA) and IDOC. The On-site Medical Director shall plan, implement, direct and control all clinical aspects of the health care program. In addition to administrative responsibilities, the On-site Medical Director shall also provide primary health care services on a routine basis.

**2.4.2.2 Subcontractors.**

    **a.** Within 60 days after the effective date of this Contract, Vendor shall provide IDOC with copies of all its subcontracts, including, but not limited to, those with hospitals, physicians, and dentists. These subcontracts shall be provided to HFS, at HFS' request. Vendor shall be responsible for all dealings with its subcontractors, and shall answer any question posed by HFS and IDOC regarding them or their work within 15 days after receipt of the question. Failure to submit contracts within 60 days, or failure to respond to inquiries to HFS and IDOC in a timely manner, may be the grounds for adjusted compensation.

    **b.** Vendor shall provide independent contractors and subcontractors with a utilization management protocol as a component of the subcontract. This protocol shall delineate utilization review non-payment criteria.

**2.4.3 Non-Competition Clauses.** Vendor is prohibited from entering into covenants Not To Compete or Non-Competition Clauses with employees, subcontractors or independent contractors, or any party specifically related to the performance of any obligation required under this Contract, including, but not limited to, hospitals, which would prohibit said employee, subcontractor or independent contractor from competing, directly or indirectly, with Vendor. For the purpose of this paragraph, the term "competing, directly or indirectly, with Vendor" shall mean entering into, or attempting to enter into, business with any individual, partnership, corporation or association that was or is in the same or related business as is Vendor, with the intention of conducting any business, or component of business, that is similar to that carried on by Vendor.

17

usage of all pharmaceuticals, including psychotropic drugs, and identify prescribing patterns, and shall assist with drug utilization audits.

2.5.5    **Inmate Grievances.**   Any grievances filed by an inmate shall be referred to the appropriate Department Head, who shall review the claim, gather information concerning the complaint, and take appropriate action that is consistent with the Center's grievance procedures found in AD 04.01.114 ("Local Offender Grievance Procedures").

2.5.6    **Peer Review.**  Vendor shall establish a physician peer review program.  The review program shall consist of chart reviews of the On-site Medical Director and physician staff, performed by physicians. Reviews shall be conducted three times per year on a staggered basis, so that each area listed below is reviewed at least once per year.

    2.5.6.1  Physician sick call/outpatient encounters;

    2.5.6.2  Infirmary Admissions;

    2.5.6.3  Inpatient hospitalizations;

    2.5.6.4  Specialty referrals/off-site procedures;

    2.5.6.5  Prescribing patterns; and

    2.5.6.6  Ancillary service utilization.

2.6    **REPORTING:**  Vendor shall submit the reports specified below to the Chief Administrative Officer, the Chief of Administration and the Contract Monitor.  Vendor shall submit additional reports or make revisions in the data elements or format of a report upon the request of HFS and IDOC, without additional charge and without requiring a Contract amendment.  HFS and IDOC may remove reports to be supplied during the term of the Contract without requiring a Contract amendment.  Vendor shall maintain trend analysis charts on key statistical data taken from the monthly reports.  If Vendor detects an unusual trend, Vendor shall share the information with HFS and IDOC.  Upon request from HFS or IDOC, Vendor shall share any available information from its Management Information System.  Quarterly reports shall be due no later than the 30th day after the end of each calendar quarter.  Monthly reports shall be due no later than the 15th day of the month following the report month.  Failure to meet the timeliness standard set forth for a report, or failure to submit an accurate report, may result in adjusted compensation as set forth in Schedule E and Exhibit I.

2.6.1    **Quarterly Performance Report.**  The On-site Medical Director shall monitor the performance of all health care personnel rendering direct patient care and report the results of this performance monitoring to HFS and the IDOC Medical Director.

2.6.2    **Monthly Cost Containment Report.**  Vendor shall submit a monthly cost containment information report, which shall include, but not be limited to, the following:

    2.6.2.1  All inpatient hospitalization referrals, including:
        a.  Hospital name
        b.  Diagnosis with Primary Diagnosis Code
        c.  Admitting physician
        d.  Admission date
        e.  Discharge date
        f.  Significant Complications
        g.  Vendor's Utilization Review records

    2.6.2.2  All outpatient referrals, including:
        a.  Patient name
        b.  Facility name
        c.  Diagnosis with Primary Diagnosis Code
        d.  Treatment received

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 3/10/06 | Offender: (Please Print) Melvin Centeno | ID#: K72719 |
| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville CC | |

NATURE OF GRIEVANCE:

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☑ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☐ Other (specify):

- ☐ Disciplinary Report: _____ Date of Report _____ Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

Brief Summary of Grievance: I have been trying to gather the attention of the medical staff at S.C.C. especially, Partha Ghosh, Medical Director of this facility, and obtain the medical care that I need to correct the acute injury to my left knee. I have wrote at least 3 letters to Partha Ghosh, but I have not received any response from him. I am trying to end this malfeasance and deliberate indifference at the

Relief Requested: That I be afforded adequate medical care; have the required surgery and post-op evaluations + physical therapy.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Mel____ Offender's Signature    K72719 ID#    3.10.06 Date

(Continue on reverse side if necessary)

---

Per Counselor Miles, medical has not responded to the grievance, because they have not forwarded to her. She states that once I submit a medical grievance it is forwarded to medical staff.

4/13/06

| f this facility. Send to w Board, P.O. Box 19277, -9277 |
| Date of Response |
| smergency grievance ncy is not substantiated. ubmit this grievance her. |
| Date |

DOC 0046 (Rev. 3/2005)

hands of Partha Ghosh, Medical Director.
I am submitting this grievance in the
hope of obtaining meaningful and
necessary medical care. This injury
has been neglected far too long since
its occurance. The injury is getting
worse and I'm concerned about
irreparable harm.

COMMITTED PERSON'S GRIEVANCE REPORT

| Date: 7/4/06 | Committed Person (Please Print) Melvin Centeno | ID # K72719 |
|---|---|---|

| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville CC |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property ☐ Mail Handling Transfer Denial: ☐ Disability

☐ Staff Conduct ☐ Dietary ☐ By Transfer Coordinator ☐ Other:_____

☐ Restoration of Good Time ☑ Medical Treatment ☐ By Institution _____

☐ Disciplinary Report - Date: _____ Where Issued: _____

PAGE 1 - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.

PAGE 2 - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance: Again, I'm submitting this grievance requesting that something of significance be done regarding the acute injury to my left leg. Medical Director Ghosh has not responded to my many requests (haven't) and previous unanswered grievance (3/10/06) I was prescribed by (the University of Illinois Medical Center a knee brace) to aid availy nothing is being done to aid me of this incomplete deliberate indifference to my medical needs and relieve me of this necessary pain and suffering. I am being very candid about everything but this medical deprivation is causing me excessive pain and suffering and the rehability of limb etc... here is great. All I'm asking is the adequate medical care Medical Director states that surgery is not possible since they cannot afford during me physical therapy here in the institution. I told him to either send me out. Wait or to an adjacent medical facility that would provide physical therapy I'm still awaiting

Relief Requested: That I get my knee brace prescribed on 8/30/06 and that I be afforded my surgery and post-op physical therapy.

(Attach additional pages, if necessary.)

| COUNSELOR'S RESPONSE |
|---|

Date Received:_____

Response:_____

_____

_____

_____

Counselor: _____ _____ _____

Signature          Print Name          Date of Response

☐ Outside jurisdiction of this facility; grievances which arose from a facility other than the committed person's present location and denials of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O. Box 19277, Springfield, IL  62794-9277.

Side 1

## GRIEVANCE OFFICER'S REPORT

Date Received: _____    Date of Review: _____

Committed Person: _____    Number: _____

Nature of Grievance: _____

_____

_____

Facts Reviewed: _____

_____

Never received any response to this grievance. Filed on appeal to Director, but was not answered. No one knows anything, and grievance procedure is blatantly lacking. Grievances last two, have not been answered. Counselor says she knows nothing.

9/06

Recommendat

Grievance Off

---

## CHIEF ADMINISTRATIVE OFFICER'S RESPONSE

Date Received: _____    ☐ I concur    ☐ I do not concur    ☐ Remand

Comments: _____

_____

_____

_____

_____

Chief Administrative Officer                    Date

---

## COMMITTED PERSON'S APPEAL TO THE DIRECTOR

I am appealing the Chief Administrative Officer's decision to the Director, via the Administrative Review Board. I understand this appeal must be submitted within 30 days of receipt of the Chief Administrative Officer's decision.

_____    9/13/06

Committed Person's Signature/Number                    Date

DC 5657
IL 426-17343

Copy: Original to the Master File

ADMINISTRATIVE REVIEW BOARD
1301 Concordia Court, P.O. Box 19277
Springfield, IL 62794-9277

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 10/14/06 | Offender: (Please Print) Melvin Centeno | ID#: K72719 |
| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville-CC |

**NATURE OF GRIEVANCE:**

☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ Disability
☐ Staff Conduct ☐ Dietary ☑ Medical Treatment ☐ HIPAA
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator ☐ Other (specify)

☐ Disciplinary Report ___/___/___ Date of Report _____ Facility where issued _____

1534

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: This grievance is in regards to deprivation of adequate medical care. I have done everything I can, even writing medical director, to request that I be afforded the opportunity to receive the surgery I so much need to remedy the acute injury I've suffered to my left knee. This is a long-lasting problem that I have been dealing with. Medical Doctor Ghosh is blatantly and with deliberate indifference refusing to allow me to receive surgery so that my instability and pain may subside. On my last visit to the University of Illinois Medical Center at Chicago, I was told by doctors that in order for

Relief Requested: that I be seen by Dr. Ghosh or alternate Doctor and be offered the opportunity to receive adequate medical care and surgery

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Melvin Centeno                    K72719          10/14/06
_____ Offender's Signature _____          ID#          Date

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

| Date Received: 10/26/06 | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277. |

Response: _____

RECEIVED
NOV 15 2006
STATEVILLE CORRECTIONAL CENTER
HEALTH CARE UNIT ADMIN. OFFICE

S. Miles
_____ Print Counselor's Name _____          Counselor's Signature          Date of Response

---

### EMERGENCY REVIEW

Date Received: ___/___/___    Is this determined to be of an emergency nature?
☐ Yes: expedite emergency grievance
☐ No: an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____ Chief Administrative Officer's Signature _____          Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

them to peform the surgery, Dr. Ghosh had to guarantee that I
would be placed in the HCU, and that I would receive
meaningful physical therapy. My family has contacted U of I,
and they have been told that they are more than willing
to peform the surgery, but that I have to be sent by
S.C.C. with specifications of post-op treatment. I
was also promised a Donjoy anterior cruciate ligament/posterior
cruciate ligament brace with a posterior cruciate ligament
strap. I also sent a copy of my last letter to Ass. Warden
Wright, but nothing has been addressed. I am being treated
with deliberate indifference by Medical Director Ghosh, and
his staff here at S.C.C.. I have put Sick Call Slips
in on a weekly basis, and to no avail. I have not
been called to see a doctor. My family and my Civil
Attorney, John Simmetti, have called on numerous times
to speak with Dr. Ghosh, but all they get is the run-around
treatment. This blatent disregard of adequate medical care
must cease, immediately.



**Illinois**
Department of
**Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker, Jr.
Director

Stateville Correctional Center / Rt. 53 / P.O. Box 112 / Joliet, IL  60434 / Telephone: (815) 727 -3607 / TDD: (800) 526-0844

## MEMORANDUM

DATE:   10-18-06

TO:    Centeno  K72719

FROM:    T. Garcia, Corr. Couns. II
Grievance Office

SUBJECT:    ATTACHED GRIEVANCE -

The attached grievance is being returned for the following reason:

_____ It needs to be rewritten and submitted to your counselor on the attached Committed
Person's Grievance Report.

_____ It was not filed within 60 days of discovery of the incident, occurrence, or
problem which gives rise to the grievance as required in DR 504F, Grievance
Procedures for Committed Persons.

__X__ Issue needs to be discussed with your counselor for possible resolution.

_____ No issue outlined in grievance.

_____ It appears that no attempt has been made to resolve the issue as required by DR
504F.

_____ Issue is currently being reviewed by _____

_____ Issue previously addressed.  No justification for further action.

_____ Other:                              _____ Forward to Administrative Review Board

GS:tc

cc:    file

**Illinois**
**Department of**
**Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker Jr.
Director

Stateville Correctional Center / P.O. Box 112 / Joliet, IL  60434 / Telephone: (815) 727-3607
TDD: (800) 526-0844

# MEMORANDUM

Date:       December 5, 2006

To          S. Miles,
            Counselor

From:       Partha Ghosh, MD     *P 6 4*
            Medical Director

Subject:    Grievance Response for Centeno, Melvin K72719 F418

The writer recently evaluated the offender and explained why his ~~knew~~
surgery is delayed. The MD in orthopedic department suggested that his
surgery will be on scheduled only if the offender gets his daily physical
therapy.
Since January 2006 physical therapy time was reduced from 16 hours to
4 hours per week. In these circumstances daily Physical therapy is not
available to us.

PG:jrw

Cc:    Assistant Warden Programs
       Grievance Office
       Medical Records
       File

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO COMMITTED PERSON'S GRIEVANCE

## Grievance Officer's Report

Date Received: December 11, 2006          Date of Review:  December 11, 2006          Grievance #  1534

                                                                                                   ID#: K72719

Committed Person:  Melvin Centeno

Nature of Grievance: Medical Tx

Facts Reviewed:  Grievant alleges depravation of adequate medical care regarding his knee.

Relief requested:  Receive proper treatment

Medical response received 12/11/06

Per Medical Director, Dr. Ghosh:  The writer recently evaluated the offender and explained why his surgery is delayed.  The MD in the orthopedic department suggested that his surgery will be scheduled only if the offender gets his daily physical therapy.  Since January 2006 physical therapy time was reduced from 16 hours to 4 hours a week.  In these circumstances daily physical therapy is not available to us.

It appears that this grievance issue has been resolved.

This Grievance Officer has no medical expertise or authority to contradict the doctor's recommendation/diagnosis.

Recommendation:  No further action necessary at this time.

__Tammy Garcia__                                                              _Tammy Garcia_
Print Grievance Officer's Name                                          Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

## Chief Administrative Officer's Response

Date Received:  _12-15-06_          ☑ I concur          ☐ I do not concur          ☐ Remand

Comments:

_W. McCann_                                                                        _12-15-06_
Chief Administrative Officer's Signature                                                  Date

## Committed Person's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____          #___K72719          _12/20/06_
Committed Person's Signature                              ID#                      Date



OVERWORKED COUNSELOR

DATE: 1.21.07

NAME: CENTENO, M.

NUMBER: K72719   CELL: D334

FYI: I HAVE TO FORWARD MEDICAL GRIEVANCES TO THE HCU. I CAN NOT ANSWER MEDICAL GRIEVANCES WITHOUT AN RESPONSE FROM HCU.

January 22, 2007

Menard Center
P.O. Box 112
Joliet, Il. 60434

Administrative Review Board
1301 Concordia Court
P.O. Box 19277
Springfield, Illinois 62794-9277

         Re: Unanswered Grievance

     I'm writing today requesting that my
grievance be answered. I have submitted
previous grievance in regards to the
deprivation of adequate medical care,
and the deliberate indifference from
the HCU staff at Stateville Correctional
Center. I'm in need for surgery, but
nothing has been done.
     I'm again, sending your office this
copy of previous grievance submitted to
you. I'm hoping that this time you
may answer promptly.
     Your help and cooperation in this
matter is greatly appreciated.

                    Sincerely,

                    Mel

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

| | | |
|---|---|---|
| Date: 2/26/07 | Offender: (Please Print) Melvin Centeno | ID#: K72719 |
| Present Facility: Stateville CC | Facility where grievance issue occurred: Stateville CC | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report

- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator

- [ ] Restoration of Good Time
- [x] Medical Treatment

- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): _____

_____ Date of Report _____ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: This grievance comes as a result of being denied adequate medical care and being subjected to cruel and unusual punishment, at the hands of Medical Staff here at this facility. I have an acute injury that requires reconstructive surgery (left knee) and my situation is recorded plainly in my medical records, yet, Medical Director Cohesh, has not done anything meaningful to correct this long lasting problem. I was prescribed a brace knee on 2/20/06, and I was just given one that

Relief Requested: That I receive the surgery needed and that I be given the appropriate brace for my knee; and that I see Dr. Cohesh personally; and that my sick call pass

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_signature_    K72719    2-27-07
Offender's Signature    ID#    Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

| | | |
|---|---|---|
| Date Received: 3-6-07 | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: After review of medical files loose filing, following info-gather. Previous grievance-response 12/5/06- surgery delayed-due to inmate getting required physical therapy, however due to staff shortage therapy is not available, however requiring seen. 3-2-06

_Print Counselor's Name_    _Counselor's Signature_    _Date of Response_

done since 11/7/06

---

**EMERGENCY REVIEW**

| | |
|---|---|
| Date Received: ___/___/___ | Is this determined to be of an emergency nature? [ ] Yes: expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

_____ Chief Administrative Officer's Signature _____ Date

Distribution: Master File; Offender    DOC 0046 (Rev. 3/2005)

that is not appropriate or fitting for my need or
injury. When I was given the knee brace, it
seemed as if it was knee brace day because
more than 5 knee braces were handed out
and all were the same. There is a great
probability that all of those other persons
did not have the same injury, yet that all (and
myself) were given the same brace. My
condition is not one to get better unless
something meaningful is done, like the
surgery that my injury requires. I'm forced
with inoperable harm (to my left leg is
nothing is done. Also, all of my medical
sick call passes go unanswered. I've
been putting slips in for more than a
month (close to two) and the Med Tech
assigned to D House does not conform
to (his duties. I believe his name is Mike.
I need to have my situation attended
to.

Distribution: Master File; Offender   Page 2   DOC 0046 (Rev. 3/2005)

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE**

| Date: 9/19/07 | Offender: (Please Print) Melvin Centeno | ID#: K72719 |
|---|---|---|
| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. | |

NATURE OF GRIEVANCE:

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ Disability
☐ Staff Conduct  ☐ Dietary  ☑ Medical Treatment  ☐ HIPAA
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator  ☐ Other (specify)

☐ Disciplinary Report: ____/____/____
    Date of Report          Facility where issued

Received Grievance Office
OCT 0 9 2007
STA # 1586

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

Brief Summary of Grievance:    Again, I find myself submitting a grievance, since
    numerous ones have not been addressed accordingly, or have not
    been relegated with any response, period!! No appropriate action
    has been taken to curb this matter. I have an acute left knee
    injury that needs immediate care, yet, Medical Director Ghosh,
    and Med Techs assigned to D-House are all aware of my condition,
    but with deliberate indifference and complete disregard to my
    severe injury, continue to violate my fundamental rights under
    the Eighth Amendment of the U.S. Constitution, in violation of 42
    U.S.C. sec. 1983, and the Fourteenth Amendment of the U.S. Consti-

Relief Requested:    That I be afforded the necessary medical care that I need
    and that I receive my prescriptions as ordered by U of I. That

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____    K72719    9.19.07
Offender's Signature          ID#          Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 9/24/07    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to
                                                                        Administrative Review Board, P.O. Box 19277,
                                                                        Springfield, IL 62794-9277

Response: Issue referred to medical for review and response.

Anna Dockery                    _____    9-25-07
Print Counselor's Name          Counselor's Signature    Date of Response

---

**EMERGENCY REVIEW**

Date Received: ____/____/____    Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance
                                                                                        ☐ No; an emergency is not substantiated.
                                                                                        Offender should submit this grievance
                                                                                        in the normal manner.

_____                                    ____/____/____
Chief Administrative Officer's Signature                    Date

Distribution: Master File; Offender                    Page 1                    DOC 0046 (Rev. 3/2005)
                                          Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

tution. I have been sent to the University of Illinois at Chicago
3 times; March 30, 2006, February 27, 2007, and March 29, 2007. I
have been prescribed various medical necessities, but once I
return to the Institution, Medical Director blatantly refuses to
comply with the recommendations from specialists at U of I.. A
common apparatus, a Donjoy Knee Brace, a brace that I need to
stabilize the instability of my leg, has been blatantly disre-
garded. No matter what I try to do, all is to no avail. My left
knee condition has exasperated, and irreparable harm is the
course I am headed to because of the deliberate indifference and
blatant disregard to adequate medical care. I was made aware that
my medical documents have been lost. I was told this on July 17,
2007. Medical Director gave me an appointment for July 19, 2007.
Appointment was cancelled, and ever since then, no effort has
been made to reschedule me. It is another confirmation that my
acute injury has no importance to Dr. Ghosh. My required treat-
ment and surgical intervention, which is plainly expressed in
medical records, continues to go unchecked. Medical Director
Ghosh and Med Techs that have been assigned to D-House, have
intentionally, consciously, and deliberately refused to examine
or administer any medical treatment, despite being aware of my
injury and pleas for basic medical care. It has become apparent
that Dr. Ghosh and his staff have underestimated the severity of
the injury and have been insufficiently interested in my health
and safety to take even minimum steps to guard against additional
injury. Numerous attempts have also been made to have Medical
Director comply with his responsibilities. writing the Ass.
Warden of Operations, Ms. Wright, to only being told by her that
she had no knowledge of any letters. Trying to get Ms. Wright to
hear my complaint has been mute. Instead of responding to my
repeated complaints, intentionally, consciously and deliberately
refused to cause me to receive medical trteatment, as is her
duty. The majority of my grievances have suddenly vanished, for I
have not received any responses from this Institution, nor the
A.R.B.. As a direct and proximate result of the above-described
unlawful and malicious acts of Medical Director, Med Techs that

and adequate medical care. Such acts and omissions by the Medical

Director, Med Techs, and Ass. Warden Wright, have violated my

rights secured by the Constitution. All of this is a clear

signature of disregard for human well being. It is clear that the

Medical Director is failing gravely in his responsibilities to

provide health services and medical care to people incarcerated

in it's facilities that meets the standards of the community.



**Illinois**
**Department of**
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

September 24, 2007

Melvin Centeno
Register No. K72719
Stateville Correctional Center

Dear Mr. Centeno:

This is in response to your grievance received on April 26, 2007, regarding Medical (Knee Brace/Knee Surgery), which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

This office has reviewed yur written grievance dated February 26, 2007 regarding claims that when your knee brace was issued (3/30/06) it did not fit and requests to have knee surgery. This office notes the issue of the knee brace is beyond the 60-day timeframe.

The Grievance officer's report (0336) and subsequent recommendation dated April 9, 2007 and approval by the Chief Administrative Officer on April 10, 2007 have been reviewed.

This office contacted Stateville's Health Care Unit and was advised that Centeno has been submitted for surgery and physical therapy.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance, at this time, be denied; as it appears the issues are being resolved.

FOR THE BOARD:

Sherry Benton
Administrative Review Board
Office of Inmate Issues

CONCURRED:

Roger E. Walker Jr.
Director

cc:    Warden Terry McCann, Stateville Correctional Center
       Melvin Centeno, Register No. K72719

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

| | Grievance Officer's Report | |
|---|---|---|

Date Received: October 9, 2007          Date of Review: December 11, 2007          Grievance # 1586

Committed Person: Melvin Centeno                                                 ID # : K72719

Nature of Grievance: Medical Tx

**Facts Reviewed:** Grievant alleges needing a knee brace

**Relief Requested:** knee brace

**Grievance written:** 9-19-07

**Sent to HCU:** 9-25-07

**Medical response received:** 12-11-07

Per HCU Administrator, C.A. Vance, RN, MSN: (summarized) I reviewed his chart. I discussed this with the physician. Because this is a special brace with metal parts it had to be cleared by security. The brace in question is not a stock item; it is a special order. The brace was ordered and it is here. He is on the list to be brought down for the brace. In the future a simple statement of what happened is all that is needed for my review.

It appears that this grievance issue has been resolved.

The Grievance Officer has no medical expertise or authority to contradict the doctor's recommendation/diagnosis.

**Recommendation:** No further action necessary at this time.

Tammy Garcia                                                     _Tammy Garcia_
Print Grievance Officer's Name                              Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| | Chief Administrative Officer's Response | |
|---|---|---|

Date Received: 12-13-07     ☒ I concur     ☐ I do not concur     ☐ Remand

Comments:

_W. McCann_                                                     12-13-07
Chief Administrative Officer's Signature                                         Date

| | Committed Person's Appeal To The Director | |
|---|---|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Committed Person's Signature                    ID#                    Date

GRIEVANCE

12-07-07

Melvin Centano
K72719
Dated 11-18-07

I investigated this grievance.
I/M wants knee brace that was ordered for him.
He cites indifference by the Health Care Staff.
Cites constitutional rights in a lengthy grievance.
I reviewed his chart.
I discussed this with the physician.

Because it is a special brace with metal parts it had to be cleared by Security.
The brace in question is not a stock item; it is a special order.
The brace was ordered and it is here.
He is on the list to be brought down for the brace.

In future a simple statement of what happened is all that is needed for my review.

I hope this brace helps the I/M.

Thank you.

C. A. Vance, RN, MSN, HCUA

December 9, 2007

Melvin Centeno
Reg. # K72719 D/#154
P.E. Box 112
Joliet, Illinois 60434


Carol Vonce
Health Care Administrator
Stateville Correctional Center
P.C. Box 112
Joliet, Illinois 60434

Re: <u>Deprivation Adequate</u>
<u>Medical Care.</u>

Dear Ms. Vonce:

Hope and pray you are doing well. May
His grace and peace, along with His
unfailing love permeate your being.

I'm writing today requesting assistance
from you, since your staff, especially Dr.
Ghosh, are denying me adequate medical
care, and are being deliberately indifferent
to my acute knee injury, subjecting me
to cruel and unusual punishment, pursuant
to a cost cutting policy adopted here.
The instability to my left knee has
exasperated, and irreparable harm is
looming.

I suffered this injury on March 19, 2006
and had various procedures done until I
was remanded to the County Jail via
the Appellate Court. But since returning

– 1 –

back here to Stateville CC., treatment has
been non-existant. I was told by over
12 specialists from the University of Illinois
at Chicago Medical Center and also from
John Stoager Hospital (when I was on unit)
that I need reconstructive knee surgery.
That I need an osteonomy and multiliga-
mentous surgeries.
    I was sent on 3/30/06 to U of I, and
a prescription for a Donjoy anterior cruciate
ligament / posterior cruciate ligament brace
with a posterior cruciate ligament strap
was ordered by specialists, yet here,
nothing has been done. The instability is
just getting worse anytime I have to
move outside the cell.
    On 2/27/07, I was sent to U of I
and radiographs were prescribed, and again.
Donjoy brace prescribed. Yet, nothing
has been done.
    On 3/29/07, again sent to U of I
and evaluated. Reconstructive knee
surgery assessment. Again told by
specialist that they are eager to
perform surgery but that it was not
up to them. Here, nothing has been
done.
    I have exhausted my administrative
remedies and all I've got from Dr.
Ghosh is lie after lie. I have been
very candid and respectful throughout.
I have written Dr. Ghosh numerous
letters, and he ignores all my pleas,
never responding to my requests.
My sick call passes are also ignored.

- 2 -

So, I am forced and obligated to give you a chance to curb this insidious problem. The malfeasance presented by your staff goes beyond cruel. I hope you will look intently into my medical files, and see for yourself that my situation is legit and reasons for action. If you decide to also neglect any assistance, then I will be, basically, told by those actions, that your HCO has no plans on helping a person that is suffering at the hands of your staff. This insipid behavior needs to end.

I hope to hear from you promptly. Your help and cooperation is greatly appreciated.

May this Holiday be one of hope and prosperity to you and your family. May He apply all of you with His riches in glory. Anticipated Thanks!

Sincerely,

Mel

cc: file

3 -

GRIEVANCE

01-02-08

Melvin Centeno
K 72719
Dated: 12-09-07

I investigated this grievance.
I/M grieves that he has a knee problem that requires surgery.
He also claims that the doctor has been "deliberately indifferent to his needs.

I reviewed his chart.
I spoke with the physician.
The physician feels that he should be referred again to the U of I for further evaluation
and decision.
An appointment will be made for him to go to U of I.
There has been no deliberate indifference on the part of the Health Care Unit.

In future a simple explanation is all that is needed.
A three page letter is not needed.

I trust this will be of help to him.

Thank you,

C. A. Vance, RN, MSN, HCUA