## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2756 | **DATE** | 6/3/2008 |
| **CASE TITLE** | Melvin Centeno (K-72719) v. Wexford Health Sources, Inc. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The court assesses an initial partial fling fee of $65.00 and orders the trust fund officer at plaintiff's place of confinement to make monthly deductions from plaintiff's trust fund account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. The clerk shall issue summonses, and the United Sates Marshal shall serve the named defendants. The clerk shall send a Magistrate Judge Consent Form and Instructions for Submitting Documents, along with a copy of this order, to plaintiff.

■ [**For further details see text below.**]      Docketing to mail notices.

### STATEMENT

    Plaintiff Melvin Centeno (K-72719), a prisoner confined at Stateville Correctional Center, has filed a 42 U.S.C. § 1983 complaint against several prison doctors, officials, and Wexford Health Sources, the organization contracted to provide medical services for prisoners. Plaintiff states that, although he informed the defendants that several orthopaedic specialists have advised of plaintiff's need for knee surgery, the defendants have ignored plaintiff's requests for surgery.

    Plaintiff seeks to bring this suit *in forma pauperis*. The court grants plaintiff's motion and assesses an initial partial filing fee of $65.00. *See* 28 U.S.C. § 1915(b)(2). The trust fund officer at Stateville Correctional Center is authorized to deduct, when funds are available, the initial partial filing fee and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at plaintiff's place of confinement is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee and the trust fund office at plaintiff's current place of confinement shall notify authorities at any transferee facility of any outstanding balance owed by plaintiff in the event that he is transferred.

**(CONTINUED)**

isk

**STATEMENT (continued)**

Preliminary review, *see* 28 U.S.C. § 1915A, reveals that plaintiff may proceed forward with his complaint against the defendants. Plaintiff's complaint asserts claims of deliberate indifference to a serious medical need, and it presents at least a colorable cause of action to allow the case to proceed forward. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). The defendants must respond to the allegations in the complaint.

The United States Marshals Service is appointed to serve the named defendants Wexford Health Sources, Dr. Partha Ghosh, CA Vance, and Venita Wright. No service need be attempted for the John Doe defendant, until plaintiff has discovered the identity of this person and seeks to submit an amended complaint that includes the name of this defendant. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former prison employee who can no longer be found at the work address provided by plaintiff, Stateville authorities shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. In addition, plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.