IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN CENTENO | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 cv 02756 |
| | ) | |
| v. | ) | Judge James Zagel |
| | ) | |
| WEXFORD HEALTH SOURCES, INC | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT WEXFORD HEALTH SOURCES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant WEXFORD HEALTH SOURCES INC., by its attorneys, CHARYSH & SCHROEDER, LTD., for its answer to plaintiff's complaint states:

1. This is a Civil Rights case arising from the defendants crippling entrapment of Plaintiff, by deliberately denying, urgently necessary surgery. Orthopedic Specialists (Surgeons), in the excess of eight, from the University of Illinois at Chicago, and John Stroger Hospitals, have informed the defendants through their Orthopedic Notes and Assessments (medical records) that the Plaintiff needs an Osteonomy and Multiligamentous surgeries in order to repair an acute injury to Plaintiffs left knee. Plaintiffs knee is deplorable and is journeying to irreparable harm because of the neglect of adequate medical care and the deliberate indifference at the hands of WEXFORD HEALTH SOURCES, INC., PARTHA GHOSH, C.A. VANCE, JOHN DOE (MIKE) AND VENITA WRIGHT

**ANSWER: Deny**

2.     Since 2006, Plaintiff has seen Orthopedic Specialist's at U of I at Chicago; 3/30/06, 2/27/07, 3/29/07, 3/6/08, and in each consultation, it has been clearly documented that Plaintiff needs Reconstructive Knee Surgery.  Once back at Stateville C.C., medical director blatantly disregards course of treatment from Orthopedic Specialist's (Surgeon's).  Evan a simple DONJOY ANTERIOR CRUCIATE LIGAMENT / POSTERIOR CRUCIATE LIGAMENT BRACE WITH A POSTERIOR CRUCIATE LIGAMENT STRAP, that was prescribed on 3/20/06, to stabilize movement, has been deliberately denied.

**ANSWER:  Deny**


3.     All this deliberate indifference and deprivation of adequate medical care, and submitting Plaintiff to cruel and unusual punishment, is derived from the adopted cost-Cutting Policy from WEXFORD HEALTH SOURCES, INC., ADMINISTRATOR VANCE, AND MEDICAL DIRECTOR GHOSH.  Because of neglect to Plaintiffs basic medical care, the instability to his knee has exasperated to the point of irreparable harm.  Even basic pain management as pain medication has ceased to be afforded to Plaintiff.  Plaintiff is being deliberately denied any meaningful medical care because Plaintiff has submitted grievances and letters trying to have a basic Constitutional Right addressed.  Defendant Partha Ghosh, has said 'he would not see Plaintiff and that he would whenever he desired.  To stop bugging him.'  Yet, Plaintiff continues to suffer because of his deliberate indifference.

**ANSWER:  Deny**

4.     Plaintiff has contacted, the mail, WEXFORD HEALTH SOURCES, INC. in regards to denying Plaintiffs surgery, and family of Plaintiff have called their offices and all we have got is complete silence.  Through the Contract of Services between WEXFORD and MEDICAL DIRECTOR, it is clear that WEXFORD is notified and has been notified of Plaintiffs condition, yet, they choose to intentionally delay in providing medical treatment, afforded through their contract with IDOC.  Contract specifically says that Vendor shall ensure that treatment plan is developed for each inmate who requires on-going care.  And Vendor shall arrange for the provision of medical services to IDOC inmates on site and off site as medically indicated.  Medical services are to be provided in accordance with medically accepted community standards of care. This is a clear signature of disregard for human well-being, and this deliberate indifference must be afforded due process.

**ANSWER:  Deny**


5.     Plaintiff has notified each defendant numerous times, but to no avail. These defendants have prevented Plaintiff from receiving recommended treatment, and have denied Plaintiff access to medical personnel capable of curing his acuteness. Plaintiff can attest that this insipid and insidious and inhuman condition is a long practice in this institution and it's Health Care providers.  Each defendant has played a role in denying or refusing access to Plaintiff to meaningful and necessary medical care, that has been documents clearly in medical records by Orthopedic Specialist's.

**ANSWER:  Deny**

6.      It is clear that prisoners are guaranteed the right to be free from deliberate indifference to serious medical needs.  It is clear that a prolonged delay since recommendation for surgery suggests that prison officials have exhibited deliberate indifference to Plaintiffs medical needs.

**ANSWER:  Defendant admits prisoners have a right to medical care and denies any remaining allegations in this paragraph.**

7.      The conduct of WEXFORD HEALTH SOURCES, INC., MEDICAL DIRECTOR PARTHA GHOSH, MEDICAL ADMINISTRATOR C.A. VANCE, MED. TECH. JOHN DOW (MIKE), and MAJOR VENITA WRIGHT is intentional and criminally reckless.  Partha Ghosh is not allowing plaintiff to be treated at all, and denying recommendations by Plaintiffs current doctor at the University of Illinois at Chicago Medical Center, to have Reconstructive Knee Surgery.  These Bureaucratic obstacles of adopted cost-cutting policies by Wexford Health Sources, Inc., C.A. Vance, and Partha Ghosh have put Plaintiff in a miniature hell.

**ANSWER:  Deny**

8.      MED. TECH. JOHN DOE (MIKE), who is in charge of medical at unit in which Plaintiff is housed, has neglected to process any request to see doctors outside unit, and even has told Plaintiff he is god and can do whatever he wants.  Plaintiff has been told by staff and other witnesses that Med. Tech. has said that the Health Care Administrators are not going to spend any money on me to receive this expensive surgery, so I better stop submitting requests.

**ANSWER: This defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

9.    Plaintiff has written VENITA WRIGHT, when she was Assistant Warden of Operations (now Major), numerous times asking that she investigate and help Plaintiff receive adequate medical care, yet, she also has followed the path of deliberate indifference to my medical needs.

**ANSWER: This defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

10.    PARTHA GHOSH, with deliberate indifference has underestimated the severity of the injury and is insufficiently interested in Plaintiffs health and safety, to even take minimum steps to guard against additional injury.

**ANSWER: Deny**

11.    Defendant's C.A. VANCE, PARTHA GHOSH, have not and will not render any treatment whatsoever to plaintiff. WEXFORD HEALTH SOURCES, INC., C.A. VANCE, PARTHA GHOSH, and JOHN DOE (MIKE) despite repeated requests from Plaintiff for adequate medical care, have intentionally, consciously, and with deliberate indifference, refuse to examine and administer any medical treatment, despite knowing of the injury, and dismissing Orthopedic Specialist's at U. of I. at Chicago, recommendations for surgery.

**ANSWER: Deny**

12.     Defendant's WEXFORD, GHOSH, VANCE, JOHN DOE, WRIGHT, with knowledge of Plaintiffs serious medical needs and/or with deliberate indifference to such medical needs, acted of failed to act in such a way so as to deprive Plaintiff of necessary and adequate medical care. Such acts of omissions by the defendants violated rights secured to Plaintiff by the Eighth and Fourteenth Amendments of the United States Constitution.

**ANSWER: Deny**

13.     Defendants with knowledge of Plaintiffs serious medical needs and/or with deliberate indifferent to such medical needs, acted or failed to act in such a manner as to prevent Plaintiff from obtaining needed medical treatment and care. Such acts and omissions by the defendants violated rights secured to Plaintiff by the Eighth and Fourth Amendments of the United States Constitution.

**ANSWER: Deny**

14.     As a direct result of the above-described unlawful and malicious acts of the defendants, Plaintiff suffered and continues to suffer great physical injury, permanent, irreparable injury, and extreme pain in violation of the Eighth Amendment to the United States Constitution and the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. se. 1983

**ANSWER: Deny**

WHEREFORE, defendant, WEXFORD HEALTH SOURCES, INC., denies that the plaintiff, MELVIN CENTENO, is entitled to judgment against it in any amount whatsoever, or for any other relief requested in plaintiff's complaint, and asks that the plaintiff's complaint be dismissed and that judgment be entered in its favor on the remaining pleadings.

### DEFENDANT DEMANDS TRIAL BY JURY

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. This defendant affirmatively states that the plaintiff's complaint fails to state a claim upon which relief could be granted pursuant to 42 USC §1983 involving rights secured by the United States Constitution as the conduct claimed as actionable does not rise to the standard of seriousness required pursuant to that statute.

2. To assert a claim for cruel and unusual punishment under the Eighth Amendment of the Constitution the plaintiff must show deliberate indifference to serious medical needs of a prisoner. *Estelle v. Gamble* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 1976.

3. In order to properly show a violation of the Eighth Amendment based upon alleged improper medical care it must be shown that the failure to provide proper medical care constituted an unnecessary and wanton infliction of pain and was "repugnant to the consciousness of mankind."

4. To demonstrate a prison official is deliberately indifferent to an inmate's serious medical needs, the prisoner must show that "the official knew" of and

"disregarded on excessive risk to inmate health." *Austin v. Terhune*, 367 F.3d 1167 (9th Cir. 2004) quoting *Farmers v. Brennan* 511 U.S. 825, 838 (1994). Plaintiff does not allege conduct which if proved would rise to the level of intent required under §1983.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff has failed to exhaust his administrative remedies and therefore this court lacks jurisdiction. 42 U.S.C. §1997e(a)

## THIRD AFFIRMATIVE DEFENSE

At all times relevant herein, this defendant acted in good faith in the performance of its official duties and without violating plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant is therefore protected from suit by the doctrine of qualified immunity.

   s/Richard A. Tjepkema_____
CHARYSH & SCHROEDER, LTD.

CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street
Suite 1300
Chicago, Illinois 60602
(312) 372-8338
Michael J. Charysh (ARDC# 6187455)
Richard A. Tjepkema (ARDC# 6217445)

**PROOF OF SERVICE BY ELECTRONIC FILING AND U.S. MAIL**

    The undersigned attorney certifies that on August 5, 2008, this notice was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record at the email addresses indicated above; this notice, and the documents referred to therein have also been served on all parties not electronically served by causing a copy of the same to be placed in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois on or before 5:00 p.m. on August 5, 2008, with proper postage prepaid.

                                                                           s/ Richard A. Tjepkema