IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELVIN CENTENO, K-72719, )<br>  )<br>   Plaintiff, )<br>  )<br>   v. )<br>  )<br>WEXFORD HEALTH SOURCES, INC., )<br> et al., )<br>  )<br>   Defendants. ) | No. 08 CV 2756<br><br>Hon. James B. Zagel<br>Judge Presiding |

**DEFENDANT'S MOTION FOR LEAVE TO FILE
HER MOTION TO DISMISS, *INSTANTER***

NOW COMES Defendant, VENITA WRIGHT, by and through her attorney, LISA MADIGAN, Illinois Attorney General, and moves this Court to grant Defendant leave to file the attached Motion to Dismiss, *Instanter*. In support of her motion, Defendant states:

1. On August 13, 2008, the Court ordered that Defendant file her response to Plaintiff's complaint by September 4, 2008. At that time, Plaintiff's original complaint was the only complaint on file.

2. On August 15, 2008, the Court received Plaintiff's amended complaint by mail. It does not appear that Plaintiff's amended complaint has been entered by the Court.

3. Previously, on July 21, 2008, Plaintiff moved to "amend" his complaint. Leave was denied, without prejudice, because Plaintiff failed to state the claims or name the other defendants in the lawsuit.

4. Plaintiff took the Court's suggestion in its minute order of July 31, 2008 and now seeks to refile his original complaint as the amended complaint, the only change appearing to be that defendant "MICHAEL BORKOWSKY (MIKE)" has been substituted for "JOHN DOE (Mike)."

5.  In the interests of judicial economy, and in anticipation that the Court will enter Plaintiff's August 15, 2008 submission purporting to be an amended complaint, Defendant requests leave to file the attached Motion to Dismiss Plaintiff's Amended Complaint, *Instanter*.

WHEREFORE, Defendant VENITA WRIGHT respectfully prays that this Honorable Court grant this motion for leave to file her Motion to Dismiss Plaintiff's Amended Complaint, and enter a briefing schedule accordingly.

                              Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois        By:    <u>s/ Matthew M. Smith</u>
                                                          MATTHEW M. SMITH
                                                            Assistant Attorney General
                                                            General Law Bureau
                                                            100 West Randolph Street, 13th Fl.
                                                           Chicago, Illinois 60601
                                                           (312) 814-4451

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELVIN CENTENO, K-72719, ) | |
| ) | No. 08 CV 2756 |
| Plaintiff, ) | |
| ) | Hon. James B. Zagel |
| v. ) | Judge Presiding |
| ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
|  et al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT'S MOTION TO DISMISS

NOW COMES Defendant, VENITA WRIGHT, by and through her attorney, LISA MADIGAN, Illinois Attorney General, and submits the following in support of her Federal Rule of Civil Procedure Rule 12(b)(6) Motion to Dismiss:

### INTRODUCTION

Plaintiff MELVIN CENTENO is an inmate currently incarcerated at Stateville Correctional Center, and is serving a life sentence for Murder/Intent to Kill/Injure and a sentence of thirty years for Armed Robbery.

In his Amended Complaint, Plaintiff claims that defendants were deliberately indifferent to a serious medical need in violation of his constitutional rights when they failed to provide Plaintiff with a particular knee surgery.

Only three of five named defendants have been served. Defendant Wright is the only IDOC employee of those three who have been served. Defendant Wright must be dismissed because Plaintiff does not allege any acts or omissions, if assumed to be true, which would rise to the level of a constitutional violation. Moreover, Defendant Wright can not be sued in her official capacity for money damages.

**STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6) does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. *See* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A complaint need not provide detailed factual allegations, but a court may dismiss a complaint if the facts alleged are insufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1959 (2007).  The Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. Chancey v. Suburban Bus Div. of Regional Transp. Authority, 52 F. 3d 623, 626-7 (7th Cir. 1995)(citations omitted).  However, the Court need not strain to find favorable inferences which are not apparent on the face of the complaint.  Coates v. Illinois State Board of Ed., 559 F.2d 445, 447 (7th Cir. 1977).  Similarly, this Court is not required to accept legal conclusions either alleged or inferred from pleaded facts.  Nelson v. Monroe Regional Medical Center, 925 F.2d 1555, 1559 (7th Cir. 1991), cert. den. 502 U.S. 903(1991).  It is with these standards in mind that this motion must be decided.

**ARGUMENT**

**I.      Plaintiff Fails To Plead Sufficient Personal Involvement To Hold Defendant Wright Liable For Any Alleged Constitutional Violations.**

An individual cannot be held liable under 42 U.S.C. sec. 1983 unless he or she is personally responsible for an alleged constitutional deprivation. Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981).  The complaint in each case must sufficiently allege the Defendant's personal involvement in order to state a constitutional claim.  Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1983). An official must act with deliberate or reckless disregard of an inmate's constitutional rights. Id.  A § 1983 action can not support a claim of *respondeat* superior. Polk County v. Dodson, 454 U.S. 312, 102 S. Ct. 445, 453 (1981). Failure to take corrective action can not in and of itself violate

§ 1983, otherwise the actions of a subordinate could be attributed to the government. Soderback v. Burnett County, *Wis.,* 752 F.2d 285, 293 (7th Cir. 1985).

The disregard of a grievance can subject an official to liability, but, "[n]ot that liability necessarily follows; it may not have been that official's responsibility to deal with the problem, or the official may have believed that it was being properly handled by subordinates, absolving him or her of the required mental state of 'deliberate indifference.' And, of course, if the plaintiff's injury is complete at the time the grievance is filed, denying the grievance or failing to respond to it cannot be grounds for liability because it caused no injury." Goodman v. Carter, 2001 U.S. Dist. Lexis 9213; 2001 WL 755137, 4 (N.D.Ill. 2001). Plaintiff does not allege that he filed grievances with Defendant Wright nor that it was her duty to review grievances. In fact, with respect to grievances, Plaintiff notes that he "[f]iled numerous grievances. Some were answered, and many have not. Dr. Ghosh continually has deceived all entities as far as telling them that matter has been resolved." Plaintiff's Amnd. Cmpl., pg. 3. Plaintiff attached numerous documents which are either grievances or grievance responses and memos as exhibits to his original complaint. These documents show that those responsible for responding to grievances did so, and consulted with the health care unit in their investigations of Plaintiff's grievances. Moreover, Plaintiff's admission that Dr. Ghosh told "all entities" that the "matter has been resolved," undercuts any allegations of deliberate indifference, because such a scenario negates the requisite state of mind for deliberate indifference.

Regardless, Plaintiff does not allege that Defendant Wright had any involvement with the grievance process. Instead, he merely alleges that he wrote her, asking that she "investigate and help Plaintiff receive adequate medical care." Sending letters to officials is also not enough to hold an official liable under Section 1983. McNeil v. O'Leary, 1993 U.S. Dist. LEXIS 8622, (N.D. Ill. 1993), *citing to* Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982); Volk v. Coler, 638 F.Supp.

1540, 1549 (C.D.Ill. 1986)(personal involvement not satisfied by showing that prison official reviewed decision of grievance committee); Johnson v. Lane, 596 F. Supp. 408, 409 (N.D. Ill. 1984)(fact that prisoner provided warden with copies of grievances prisoner had filed with institutional inquiry board and assistant warden held insufficient to constitute personal involvement). In the grievance process, as well as in other aspects involving inmate life, the case law is clear. It takes direct and personal involvement in the alleged wrong, together with the requisite state of mind to establish sufficient personal involvement. Here, the unilateral sending of letters to a non-medical prison official cannot create personal involvement where none is alleged. Defendant Wright must be dismissed.

**II.     The Eleventh Amendment Bars All Official Capacity Claims for Money Damages**

In Pennhurst v. Haldeman, 465 U.S. 89, 100-101 (1984), the Supreme Court held that an unconsenting state cannot be sued in federal court. Unless Congress has chosen to override the Eleventh Amendment by legislating pursuant to its power under section 5 of the Fourteenth Amendment, *see* Fitzpatrick v. Bitzer, 427 U.S. 445 (1976) a state simply cannot be sued in federal court. This exception is not applicable in this case, nor has Illinois consented to suit.

The Court in Pennhurst stated:

> This Court's decisions thus establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. There may be a question, however, whether a particular suit in fact is a suit against the State. *It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought.*

465 U.S. at 100. (Emphasis added)

The Court further held that it makes no difference whether the Plaintiff seeks damages or injunctive relief. *Id*. at 102.

The Eleventh Amendment bar to federal jurisdiction over a state and state agencies has been reaffirmed many times. *See, e.g.*, Kroll v. Board of Trustees of Univ. of Illinois, 934 F.2d 904, 907 (7th Cir. 1991); Billman v. Indiana Dept. of Corrections, 56 F.3d 785, 788 (7th Cir. 1995); Scott v. O'Grady, 975 F.2d 366, 369 (7th Cir. 1992); Baxter v. Vigo County, 26 F.3d 728, 731 (7th Cir. 1994). The Eleventh Amendment bar has also been applied to the Illinois Department of Corrections. Trotter v. Klincar, 748 F.2d 1177, 1181 (7th Cir. 1984), *see also* Walker v. Rowe, 791 F.2d 507, 508 (7th Cir. 1986). Even in cases brought under 42 U.S.C. 1983 raising constitutional claims, the Eleventh Amendment bar remains. Quern v. Jordan, 440 U.S. 332 (1979); Kentucky v. Graham, 473 U.S. 159, 169 n.17 (1985).

Official capacity suits are actions against the government entity of which the official is a part. Zambrano v. Reinert, 291 F.3d 964, 976 (7th Cir. 2002); Sandville v. McCaughtry, 266 F.3d 724, 732 (7th Cir. 2001)(*citing* Wolf-Lillie v. Sonquist, 699 F.2d 864, 870 (7th Cir. 1983)). Section 1983 "does not authorize suits against states." Id., at p. 733 (*citing* Power v. Summers, 266 F.3d 815, 818 (7th Cir. 2000)). Therefore, "State officers in their official capacities, like States themselves, are not amenable to suit for damages under Section 1983." Arizonans for Official English v. Arizona, 520 U.S. 43, 69 117 S. Ct. 1055, 1070 (1997); Zambrano, 291 F.3d at 976.

Courts have created a few exceptions. American Soc. of Consultant Pharmacists v. Patla, 138 F.Supp.2d 1062, 1068 (N.D.Ill.2001)(*citing* Edelman v. Jordan, 415 U.S. 651, 666-67 (1974) (plaintiff may sue state official alleging violation of federal law and federal court may award prospective injunctive relief but not retroactive monetary relief)). While the Ex parte Young doctrine allows a suit for injunctive relief to be brought in federal court against a state official acting in his or her official capacity, it is clear that Ex parte Young does not allow a State or its departments to be directly joined as parties. American Soc. of Consultant Pharmacists v. Patla, 138 F.Supp.2d

at 1070-71 (citing 209 U.S. 123, 160 (1908)).

Here, Plaintiff has sued Defendant Wright in her "Official and Individual capacity", but is only seeking "damages sufficient to compensate him for the pain" and punitive damages, in addition to being "afforded his much needed surgery and post-op physical therapy," which the Court cannot award. Plaintiff lacks standing to assert claims for injunctive relief. To have standing to assert a claim for declaratory or injunctive relief, a plaintiff "must show that he is in immediate danger of sustaining some direct injury." Robinson v. City of Chicago, 868 F.2d 959, 966 (7th Cir.1989) (*citing* City of Los Angeles v. Lyons, 461 U.S. 95, 105-06, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." Lyons, 461 U.S. 95, 96, 103 S.Ct. 1660, 75 L.Ed.2d 675 (*quoting* O'shea v. Littleton, 414 U.S. 488, 495-96, 94 S.Ct. 669, 38 L.Ed.2d 674 (1983)). The plaintiff must show that the defendant is likely to injure him again, id. at 105; Robinson, 868 F.2d at 966; *see also* Roe v. Operation Rescue, 919 F.2d 857, 864 (3d Cir.1990), and that the relief he seeks is likely to prevent the injury from occurring, *see* Whitmore v. Arkansas, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990); Simon v. E. Kentucky Welfare Rights Org., 426 U.S. 26, 38, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976). Plaintiff's official capacity claims must be dismissed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Wright should be dismissed from Plaintiff's amended complaint.

                                      Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois        By:    <u>s/ Matthew M. Smith</u>
                                              MATTHEW M. SMITH
                                              Assistant Attorney General
                                              General Law Bureau
                                              100 West Randolph Street, 13th Fl.
                                              Chicago, Illinois 60601
                                              (312) 814-4451